IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:13-CV-4861-K |
| ARCTURUS CORPORATION, ASCHERE ENERGY, LLC, LEON ALI PARVIZIAN, ALFREDO ALFREDO GONZALEZ, AMG ENERGY, LLC, ROBERT J. BALUNAS, and R. THOMAS & CO., LLC, | § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are:  (1) Defendants Arcturus Corporation, Aschere Energy, LLC, and Leon Ali Parvizian's ("Parvizian Defendants") Motion for Reconsideration of Memorandum Opinion and Order (Doc. No. 82); and (2) Defendants Alfredo Gonzalez and AMG Energy, LLC's ("Gonzalez Defendants") Motion for Reconsideration of Memorandum Opinion and Order (Doc. No. 93).  After careful consideration of the motion, the responses, the replies, the supporting appendices, the applicable law, and any relevant portions of the record, the Court **DENIES** the motions.

The Parvizian Defendants and Gonzalez Defendants ask the Court to reconsider its Memorandum Opinion and Order in which the Court granted summary judgment in favor of Plaintiff. This Opinion and Order is not final as the Court must still address the remedies and relief sought by Plaintiff. In the case of a non-final order, Federal Rule of Civil Procedure 54(b) controls the district court's reconsideration of that order. FED. R. CIV. P. 54(b). The exact standard for considering a motion under Rule 54(b) is unclear, but it is within the Court's discretion to decide whether to grant a motion for reconsideration. *Fishman Jackson PLLC v. Israely*, --- F. Supp.3d ---, 2016 WL 1436431, at *3 (N.D.Tex. Apr. 12, 2016)(Fish, S.J.). In evaluating a motion to reconsider under Rule 54(b), the court's analysis is guided by "'considerations similar to those under Rules 59 and 60'". *Id.* (quoting *Dos Santos v. Bell Helicopter Textron, Inc.*, 651 F.Supp.2d 550, 553 (N.D.Tex. 2009)(Means, J.)). The district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). This Court has previously stated that "[m]otions for reconsideration have a narrow purpose and are only appropriate to allow a party to correct manifest errors of law or fact or to present newly discovered evidence." *Reneker v. Offill*, 2012 WL 3599231, at *1 n. 1 (N.D.Tex. Aug., 22, 2012). The purpose of these motions is not for "rehashing old arguments or advancing theories of the case that could have been presented earlier." *Id.*

After thoroughly reviewing these briefs and the arguments made therein, the Court concludes that the Parvizian Defendants and Gonzalez Defendants have not established there are manifest errors of law or fact, nor have they presented newly discovered evidence.  Accordingly, the Court **denies** the motions to reconsider.

**SO ORDERED.**

Signed July 7th, 2016.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE