IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:13-CV-4861-K |
| ARCTURUS CORPORATION, ASCHERE ENERGY, LLC, LEON ALI PARVIZIAN, ALFREDO GONZALEZ, AMG ENERGY, LLC, ROBERT J. BALUNAS, and R. THOMAS & CO., LLC, | § § § § § § § § | |
| Defendants. | § | |

## ORDER AND FINAL JUDGMENT

The Court previously issued a Memorandum Opinion and Order ("Order")
granting Plaintiff Securities and Exchange Commission's ("SEC") Motion for
Summary Judgment.  Following entry of that Order, the SEC filed its Motion for
Remedies and Motion for Entry of Final Judgment (Doc. No. 79) which is currently
before the Court.  The Court conducted a one-day hearing on this motion.  After
careful consideration of the motion, the responses, the reply, the supporting
appendices, the applicable law, and the arguments and evidence presented at the
hearing, the Court **GRANTS** the motion with modification of certain requested
remedies.

Pursuant to Federal Rule of Civil Procedure 52(a), the Court enters the following findings of fact and conclusions of law, in addition to the findings and conclusions regarding liability set forth in the Court's Memorandum Opinion and Order (Doc. No. 76).

## FINDINGS OF FACT

1. Defendant Leon Ali Parvizian ("Parvizian") is a British citizen with permanent residence status.

2. In 2010, Defendant Parvizian consented to a five-year bar from registering as a securities agent with the Texas State Securities Board ("TSSB") and to a permanent bar from association with any Financial Industry Regulatory Authority ("FINRA") member.

3. Defendant Arcturus Corporation ("Arcturus") is a Texas corporation with its principal place of business in Dallas, Texas.  Defendant Parvizian exercises complete control and wholly owns Arcturus.

4. Defendant Aschere Energy, LLC, ("Aschere") is a Texas limited liability company with its principal place of business in Dallas, Texas.  Defendant Parvizian is the sole member of and exercises complete control of Aschere.

5. Defendant Alfredo Gonzalez ("Gonzalez") is a citizen of Chile and resides in Dallas, Texas.

6.  Defendant AMG Energy, LLC ("AMG") is a Texas limited liability company. Defendant Gonzalez is the president of AMG (collectively, "Gonzalez Defendants").

7.  Defendant Robert J. Balunas ("Balunas") is a citizen of Florida.

8.  Defendant R. Thomas & Co., LLC ("R. Thomas") is a Florida limited liability company. Defendant Balunas is the managing member of R. Thomas (collectively "Balunas Defendants").

9.  Defendant Parvizian and his two companies, Defendants Arcturus and Aschere (collectively "Parvizian Defendants"), committed securities fraud in violation of Section 10(b) of the Securities and Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder and Section 17(a) of the Securities Act of 1933 ("Securities Act").

10. The Parvizian Defendants, the Gonzalez Defendants, and the Balunas Defendants violated Section 15(a) of the Exchange Act by acting as unregistered brokers.

11. The Parvizian Defendants, the Gonzalez Defendants, and the Balunas Defendants violated Sections 5(a) and 5(c) of the Securities Act by offering or selling unregistered securities.

12. The SEC introduced evidence that, between June 28, 2007 and December 30, 2011, the Parvizian Defendants' profits from investments in the oil and gas offerings at issue were $20,735,277.  At the hearing, the SEC introduced

another calculation, based on newly disclosed investor returns, that the Parvizian Defendants realized profits of $18,015,521.

13. The SEC introduced evidence that, between September 2009 and December 2011, the Gonzalez Defendants received $1,113,839 in profits.  The Gonzalez Defendants acted together as one economic unit and together engaged in illegal conduct.

14. The SEC introduced evidence that, between January 2007 and December 2011, the Balunas Defendants received $393,312 in proceeds.  The Balunas Defendants acted together as one economic unit and together engaged in illegal conduct.

## CONCLUSIONS OF LAW

1. The Court may permanently enjoin a defendant from violating the securities laws.  15 U.S.C. §78u(d); 15 U.S.C. §78u(e).

2. For the court to impose a permanent injunction, the SEC must demonstrate the inferences flowing from the defendant's prior illegal conduct, when viewed in light of present circumstances, indicate a reasonable likelihood of future transgressions.  *SEC v. Gann*, 565 F.3d 932, 940 (5th Cir. 2009).  In evaluating the likelihood of future violations, the Court should evaluate the totality of the circumstances.  *SEC v. Zale Corp.*, 650 F.2d 718, 720 (5th Cir. 1981).

3. It is within the Court's sound discretion to grant or deny injunctive relief.

*SEC v. Blatt*, 583 F.2d 1325, 1334 (5th Cir. 1978).

4. Courts consider a number of factors when imposing a permanent injunction, including: (1) the egregiousness of the defendant's conduct; (2) the isolated or recurrent nature of the violation; (3) the degree of *scienter*; (4) the sincerity of the defendant's recognition of his transgression; and (5) the likelihood of the defendant's job providing opportunities for future violations. *Gann*, 565 F.3d at 940.

5. The SEC made a sufficient showing for permanent injunction as to the Parvizian Defendants. The Court previously found these Defendants acted with scienter and knowingly or recklessly violated the securities laws by making material misrepresentations to the public concerning the Frayley-Nelson Joint Venture, an oil and gas well drilling investment. The Parvizian Defendants maintain that the investment contracts they sold were not securities at all, so they did not violate any laws. There is a reasonable likelihood that the Parvizian Defendants will commit future violations based on the degree of scienter involved as well as the complete absence of any recognition by the Parvizian Defendants of wrong-doing. Furthermore, Parvizian created, controlled and directed Arcturus and Aschere, both unregistered companies and both with unregistered employees, to make oil and gas well drilling investment offerings, including and similar to the Frayley-Nelson Joint Venture. Also, during that time, Parvizian was barred from

registering as a securities agent by the TSSB and barred from association with any FINRA member.  Therefore, a permanent injunction against the Parvizian Defendants is justified to prevent them from violating securities regulations and to protect the public.

6.  Having considered the applicable factors, the Court concludes there is insufficient evidence to justify a permanent injunction against the Gonzalez Defendants and/or the Balunas Defendants.

7.  The district court has broad discretion not only in determining whether or not to order disgorgement but also in calculating the amount to be disgorged.  *SEC v. Huffman*, 996 F.2d 800, 803 (5th Cir. 1993).  Disgorgement is limited to profits causally connected to the violation.  *Allstate Inc. Co. v. Receivable Fin. Co.*, 501 F.3d 398, 413 (5th Cir. 2007).  Once the SEC presents evidence reasonably approximating the amount of ill-gotten gains, the burden of proof shifts to the defendant.  *Id.*

8.  In determining an approximate amount of ill-gotten profits, the risk of uncertainty should fall on the wrongdoer whose illegal conduct created the uncertainty.  *SEC v. Patel*, 61 F.3d 137, 140 (2d Cir. 1995).

9.  A securities law violator cannot diminish his responsibility to return illegal profits by claiming he no longer possesses the funds due.  *SEC v. United Energy Partners, Inc.*, 88 Fed. Appx. 744, 746 (5th Cir. 2004).  A defendant's claim that he is unable to pay is irrelevant.  *Id.*  Securities law violators may not offset their

disgorgement liability with business expenses.  *Id.* at 746-47.

10. Any money returned to investors, whether before or after the investment scheme
    ended, cannot be characterized as illegal profits.  *SEC v. AmeriFirst Funding, Inc.*,
    3:07-CV-1188-D, 2008 WL 1959843, at *4 (N.D. Tex. May 5, 2008).

11. The Court already found that the Parvizian Defendants violated Sections 5(a),
    5(c) and 17(a) of the Securities Act and Sections 10(b) and 15(a) of the
    Exchange Act, and rule 10b-5 thereunder.  Therefore, an order for
    disgorgement against the Parvizian Defendants is proper to disgorge them of
    ill-gotten gains.  Although the SEC estimates the Parvizian Defendants' profits
    at $18,015,521, the Court, in its discretion and considering all relevant
    evidence, determines disgorgement in the amount of $15,000,000 against the
    Parvizian Defendants, jointly and severally, is appropriate.

12. The Court has already found that the Gonzalez Defendants violated Sections
    5(a) and 5(c) the Securities Act and Section 15(a) of the Exchange Act.
    Therefore, an order for disgorgement against the Gonzalez Defendants is
    proper to disgorge them of ill-gotten gains.  Although the SEC estimates the
    Gonzalez Defendants' profits at $1,113,839, the Court, in its discretion and
    considering all relevant evidence, determines disgorgement in the amount of
    $100,000 against the Gonzalez Defendants, jointly and severally, is
    appropriate.

13. The Court has already found that the Balunas Defendants violated Sections

5(a) and 5(c) the Securities Act and Section 15(a) of the Exchange Act.

Therefore, an order for disgorgement against the Balunas Defendants is proper

to disgorge them of ill-gotten gains.  Although the SEC estimates the Balunas

Defendants' profits at $393,312, the Court, in its discretion and considering

all relevant evidence, determines disgorgement in the amount of $15,000

against the Balunas Defendants, jointly and severally, is appropriate.

14. An award of pre-judgment interest in a case involving violations of the federal

securities laws rests within the equitable discretion of the district court to be

exercised according to considerations of fairness.  *United Energy Partners*, 88 Fed.

Appx. at 747.

15. The Court determines, in its discretion and considering all relevant evidence,

that no award of prejudgment interest shall be imposed against any of the

Defendants.

16. A court may impose, in its discretion, civil monetary penalties for securities

violations.  15 U.S.C. § 77t(d); 15 U.S.C. § 78u(d)(3); 17 C.F.R. 201.1004

(increasing maximum statutory amounts to $150,000 for individuals and

$750,000 for any other person); *AmeriFirst Funding, Inc.*, 2008 WL 1959843,

at *7.  Monetary penalties are punitive and intended to deter future securities

violations.  *SEC v. Harris*, 3:09-CV-1809-B, 2012 WL 759885, at *4 (N.D.

Tex. March 7, 2012).

17. The court can consider a number of factors in determining the appropriate

amount of civil monetary penalty to be imposed, including: "(1) the

egregiousness of the defendant's conduct; (2) the degree of the defendant's

scienter; (3) whether the defendant's conduct created substantial losses or the

risk of substantial losses to other persons; (4) whether the defendant's conduct

was isolated or recurrent; and (5) whether the penalty should be reduced due

to the defendant's demonstrated current and future financial condition."

*AmeriFirst Funding, Inc.*, 2008 WL 1959843, at *7 (quoting *SEC v. Opulentica,

LLC*, 479 F.Supp.2d 319, 331 (S.D. N.Y. 2007)).  Although the court can

consider several factors, the appropriate penalty should ultimately be determined

by the specific facts and circumstances of the case at hand.  *Id.*

18. A court may impose a first-tier, second-tier, or third-tier civil penalty for a

securities violation.  15 U.S.C. §77t(d); 15 U.S.C. §78u(d)(3).  The statutory

tier determines the range of maximum penalties, but the court has discretion to

determine the actual amount of the penalty to be assessed.  *SEC v. Life Partners

Holding, Inc.*, 71 F.Supp.3d 615, 623 (W.D. Texas. 2014).  A first-tier penalty,

which does not require a showing of scienter, shall not exceed the greater of

$7,500 for a natural person or $75,000 for any other person or the gross amount

of pecuniary gain to that person.  15 U.S.C. §77t(d); 15 U.S.C. §78u(d)(3); 17

C.F.R.201.1004 (increasing statutory amounts to reflect inflation).  A second-tier

penalty may be assessed if a defendant committed a securities violation which

"involved fraud, deceit, manipulation, or deliberate or reckless disregard of a

regulatory requirement." 15 U.S.C. §77t(d); 15 U.S.C. §78u(d)(3).  A second-tier penalty shall not exceed the greater of $75,000 for a natural person or $375,000 for any other person, or the gross amount of pecuniary gain to that person.  15 U.S.C. §77t(d); 15 U.S.C. §78u(d)(3); 17 C.F.R.201.1004 (increasing statutory amounts to reflect inflation).  A third-tier civil monetary penalty may be assessed if a defendant committed a securities violation which "involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement" and "directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons."  15 U.S.C. §77t(d); 15 U.S.C. §78u(d)(3).  Penalties assessed under the third-tier may not exceed the greater of $150,000 for a natural person or $750,000 for any other person, or the gross amount of pecuniary gain to that person.  15 U.S.C. §77t(d); 15 U.S.C. §78u(d)(3); 17 C.F.R.201.1004 (increasing statutory amounts to reflect inflation).

19. The Court previously found the Parvizian Defendants violated §17(a)(1)-(3) of the Securities Act and §10(b) of the Exchange Act, and these violations involve fraudulent or deceitful conduct and they directly or indirectly caused substantial losses to other people.  Additionally, the Court concludes the Parvizian Defendants' securities violations were egregious, they acted with a high degree of scienter, and Parvizian was barred, at the time of the fraudulent conduct at issue, from registering as a securities agent by the TSSB and was barred from

association with any FINRA member.  A third-tier penalty is appropriate for the Parvizian Defendants.  Considering all of the factors and the specific facts of this case, the Court in its discretion concludes a civil penalty of $500,000 is appropriate as to the Parvizian Defendants, jointly and severally.

20. The SEC did not present sufficient evidence to establish either the Gonzalez Defendants or the Balunas Defendants committed a securities violation involving "fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement", as required for a second- or third-tier penalty.  Nor did the SEC establish the Gonzalez Defendants or the Balunas Defendants acted with scienter.

21. The Court already found the Gonzalez Defendants violated Sections 5(a) and 5(c) of the Securities Act and Section 15(a) of the Exchange Act.  Considering all the factors in determining an appropriate civil penalty, the Court in its discretion imposes a first-tier penalty of $20,000 on the Gonzalez Defendants jointly and severally.

22. The Court already found the Balunas Defendants violated Sections 5(a) and 5(c) of the Securities Act and Section 15(a) of the Exchange Act.  Considering all the factors in determining an appropriate civil penalty, the Court in its discretion imposes a first-tier penalty of $15,000 on the Balunas Defendants jointly and severally.

Based on the foregoing Findings of Fact and Conclusions of Law, Final Judgment should be entered as follows:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Arcturus Corporation, Aschere Energy, LLC, and Leon Ali Parvizian a/k/a Alex Parvizian are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances   under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and

attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Arcturus Corporation, Aschere Energy, LLC, and Leon Ali Parvizian a/k/a Alex Parvizian are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)      to employ any device, scheme, or artifice to defraud;

(b)      to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)      to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants' officers, agents, servants, employees, and

attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Arcturus Corporation, Aschere Energy, LLC, and Leon Ali Parvizian a/k/a Alex Parvizian are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e and 77e(c)] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the SEC as to such security, or while the registration statement is the subject of a

refusal order or stop order or (prior to the effective date of the

registration statement) any public proceeding or examination under

Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

binds the following who receive actual notice of this Final Judgment by personal

service or otherwise:  (a) Defendants' officers, agents, servants, employees, and

attorneys; and (b) other persons in active concert or participation with Defendants or

with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

Leon Ali Parvizian a/k/a Alex Parvizian is restrained and enjoined from violating,

directly or indirectly, Section 15(a) of the Exchange Act [15 U.S.C. §78o(a)], by using

any means or instrumentality of interstate commerce, or of the mails, or of any

facility of any national securities exchange to effect any transactions in, or to induce

or attempt to induce the purchase or sale of, any security (other than an exempted

security or commercial paper, bankers' acceptances, or commercial bills) unless such

person is registered with the SEC as a broker or dealer in accordance with Section

15(b) of the Exchange Act.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that:

(1)  Defendants Arcturus Corporation, Aschere Energy, LLC, and Leon Ali Parvizian a/k/a Alex Parvizian are jointly and severally liable for disgorgement in the amount of $15,000,000.00, representing profits gained as a result of the securities violations found by the Court, together with third-tier civil penalties in the amount of $500,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)] for a total of $15,500,000.00;

(2)  Defendants Alfredo Gonzalez and AMG Energy, LLC, are jointly and severally liable for disgorgement in the amount of $100,000, representing profits gained as a result of the securities violations found by the Court, together with first-tier civil penalties in the amount of $20,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)] for a total of $120,000;

(3)  Defendants Robert J. Balunas, and R. Thomas & Co., LLC, are jointly and severally liable for disgorgement in the amount of $15,000, representing profits

16

gained as a result of the securities violations found by the Court, together with first-tier civil penalties in the amount of $15,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)] for a total of $30,000;

(4) The Court does not award prejudgment interest against any Defendant.

Defendants shall make these payments within fourteen (14) days after entry of this Final Judgment.

Defendants may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Defendants' name in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action.  By making this

payment, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to any Defendant.

The SEC shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the SEC staff determines that the Fund will not be distributed, the SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The SEC may enforce the Court's judgment for disgorgement by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after fourteen (14) days following entry of this Final Judgment.  Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

Amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that Defendants are entitled to, nor shall Defendants further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset").  If the Court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within

thirty (30) days after entry of a final order granting the Penalty Offset, notify the SEC's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury, as the SEC directs.

Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**SO ORDERED.**

Signed March 2nd, 2017.

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE