IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
|---|---|---|
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. 3:13-CV-4861-K |
| ARCTURUS CORPORATION, ASCHERE ENERGY, LLC, LEON ALI PARVIZIAN, ALFREDO ALFREDO GONZALEZ, AMG ENERGY, LLC, ROBERT J. BALUNAS, and R. THOMAS & CO., LLC, | § § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Securities and Exchange Commission's ("SEC") Motion for Order on Amount of Disgorgement and Motion to Enter Amended Final Judgment Under FRCP 58(a) (Doc. No. 135). After careful consideration of the parties' briefing, the supporting appendices, and the applicable law, the Court **GRANTS** the motion.

The Court entered Final Judgment against all Defendants on March 2, 2017. (Doc. No. 115). Defendants filed their Notices of Appeal to the Fifth Circuit on May 1, 2017. (Doc. Nos. 122 & 124). On June 5, 2017, the United States Supreme Court issued an opinion addressing the applicable statute of limitations period for

disgorgement of profits in SEC enforcement actions for violations of federal securities laws. *Kokesh v. SEC*, — U.S. —, 137 S.Ct. 1635 (2017). The Supreme Court held disgorgement orders operate as a penalty because they are intended to punish the defendant for violating public law and to deter others, not to compensate any victim for his loss. *Id.* at 1643-1644. Because of the pecuniary purpose of these orders, the Supreme Court held that the five-year statute of limitations for any enforcement proceeding seeking a penalty, civil fine, or forfeiture, as set forth in 28 U.S.C. § 2462, applies to disgorgement claims sought by the SEC for violating federal securities laws. *Id.* at 1644. In light of the Supreme Court's ruling in *Kokesh*, the SEC filed an unopposed motion with the Fifth Circuit for limited remand to this Court to determine the proper amounts of disgorgement, if any. The Fifth Circuit permitted the limited remand, and the Court now addresses this discrete issue before it on the parties' briefing.

In its previous determination of the disgorgement claims sought by the SEC, the Court considered evidence the SEC offered of ill-gotten gains accrued by the Parvizian Defendants between June 28, 2007 and December 30, 2011. (Doc. No. 115 at 3). As for the Balunas Defendants, the Court considered evidence presented by the SEC of ill-gotten gains realized between January 2007 and December 2011. (Doc. No. 115 at 4). The SEC filed this case against all Defendants on December 12, 2013; therefore, applying the five-year statute of limitations established in *Kokesh*, the Court can consider illegal profits no earlier than December 12, 2008. (The SEC

presented evidence of ill-gotten profits realized by the Gonzalez Defendants between September 2009 and December 2011. Because this time frame falls within the applicable five-year period, the SEC argues the Court need not review its disgorgement order as to these Defendants.)

The Court has thoroughly reviewed the parties' briefs and arguments as well as the revised disgorgement calculations presented by the SEC. The Court concludes the order and final judgment as to the Parvizian Defendants must be amended to reflect the Court considered the ill-gotten gains realized only during the applicable period beginning December 12, 2008, as well as an amended disgorgement amount taking into account the revised calculations. As for the Balunas Defendants, the Court concludes the disgorgement order and final judgment must be amended to reflect the Court considered the ill-gotten gains realized only during the applicable period beginning December 12, 2008, as well as an amended disgorgement amount taking into account the revised calculations. Regarding the Gonzales Defendants, the Court agrees with the SEC and concludes no amendment or revision of the order and final judgment is required under *Kokesh* as to the Gonzales Defendants.

The order and final judgment shall be amended as follows:

### Findings of Fact

12. The SEC introduced evidence that, between December 12, 2008 and December 31, 2011, the Parvizian Defendants' profits from investments in the oil and gas offerings at issue were $14,560,377.
14. The SEC introduced evidence that, between December 13, 2008 and December 31, 2011, the Balunas Defendants received

$294,473 in proceeds. The Balunas Defendants acted together as one economic unit and together engaged in illegal conduct.

**Conclusions of Law**

11. Although the SEC estimates the Parvizian Defendants' profits at $14,560,377, the Court, in its discretion and considering all relevant evidence, determines disgorgement in the amount of $13,500,000 against the Parvizian Defendants, jointly and severally, is appropriate.
13. Although the SEC estimates the Balunas Defendants' profits at $294,473, the Court, in its discretion and considering all relevant evidence, determines disgorgement in the amount of $12,000 against the Balunas Defendants, jointly and severally, is appropriate.

V.
IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that:
(1) Defendants Arcturus Corporation, Aschere Energy, LLC, and Leon Ali Parvizian a/k/a Alex Parvizian are jointly and severally liable for disgorgement in the amount of $13,500,000, representing profits gained as a result of the securities violations found by the Court, together with third-tier civil penalties in the amount of $500,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)] for a total of $14,000,000.
(3) Defendants Robert J. Balunas, and R. Thomas & Co., LLC, are jointly and severally liable for disgorgement in the amount of $12,000, representing profits gained as a result of the securities violations found by the Court, together with first-tier civil penalties in the amount of $15,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)] for a total of $27,000.

In their briefing to the Court on this limited remand, the Defendants argue this Court does not have authority to order disgorgement against any Defendant in this proceeding. Defendants assert that *Kokesh* called into question the courts' authority to award disgorgement in SEC enforcement proceedings.

The Court does not agree with Defendants. The Supreme Court clearly stated, "*Nothing* in this opinion should be interpreted as an opinion on whether courts possess authority to order disgorgement" in these types of SEC proceedings. *Kokesh*, 137 S.Ct. at 1642 n.3 (emphasis added). The Fifth Circuit has repeatedly stated that district courts enjoy "'broad discretion'" in ordering disgorgement. *See SEC v. Halek*, 537 Fed.Appx. 576, 580 (5th Cir. 2013)(quoting *SEC v. Huffman*, 996 F.2d 800, 802 (5th Cir. 1993)). Unless, and until, current binding authority changes, this Court understands its authority to order disgorgement in SEC proceedings such as this. *See SEC v. Sample*, Civ. No. 3:14-CV-1218-B, 2017 WL 5569873, at *2 (N.D. Tex. Nov. 20, 2017)(Boyle, J.)("*Kokesh* merely held that disgorgement claims are subject to 28 U.S.C. § 2462's five-year statute of limitation. *Kokesh* has no effect on how courts apply disgorgement principles.")

In conclusion, the Court **grants** the SEC's motion for an order on the amount of disgorgement in light of the recent United States Supreme Court ruling in *Kokesh* applying a five-year statute of limitations period to the SEC's disgorgement claims. The Court amends the order and final judgment as to the Parvizian Defendants to accurately reflect the SEC's estimate of ill-gotten gains during the applicable period under *Kokesh*, as well as the disgorgement amount against the Parvizian Defendants. The Court also amends the order and final judgment as to the Balunas Defendants to accurately reflect the SEC's estimate of ill-gotten gains during the applicable period under *Kokesh*; as well as the disgorgement amount against the Balunas Defendants.

The disgorgement order and final judgment will not be amended as to the Gonzalez Defendants. A separate amended order and final judgment will issue.

**SO ORDERED.**

Signed January 10th, 2018.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE